[Cite as *State v. Brown*, 2023-Ohio-330.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-22-1041

  Appellee                                       Trial Court No.  CR0202102690

v.

Izell Brown, Jr.                                 **DECISION AND JUDGMENT**

  Appellant                                      Decided:  February 3, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Francis P. de la Serna, Assistant Prosecuting Attorney, for appellee.

Tyler Naud Jechura, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, Izell Brown, Jr. appeals the February 1, 2022 judgment of the

Lucas County Court of Common Pleas, sentencing him to 11 months in the Ohio

Department of Rehabilitation and Corrections for the offense of Harassment with a

Bodily Substance, in violation of R.C. 2921.38(A) and (D), a felony of the fifth degree.

{¶ 2} For the following reasons, we affirm.

**{¶ 3}** Appellant raises a single assignment of error:

1. The assistance of counsel is ineffective when counsel fails to produce relevant information in mitigation at sentencing.

**Facts**

**{¶ 4}** The record reflects that, at the time of the offense, July 13, 2021, Brown was serving a period of incarceration at Toledo Correctional Institution. While being escorted past a rec cage, Brown spit at a corrections officer. He then returned to another rec cage, was given directives to exit the cage, and then he spit on another officer. As a result of this behavior, he was indicted on two counts of Harassment with a Bodily Substance, in violation of R.C. 2921.38(A) and (D). One of the counts was dismissed as a result of a plea agreement.

**{¶ 5}** At the plea/sentencing hearing, counsel for Brown stated that appellant had recently been moved from the Toledo Correctional Institution to another prison at Lucasville and that he had two years remaining to serve on that charge.

**{¶ 6}** Counsel further indicated that Brown does suffer from mental health issues and that he was taking medications regarding those issues and asked that the court take those factors in mitigation in fashioning a sentence.

**{¶ 7}** Brown himself went on to state to the court:

**{¶ 8}** "I've been incarcerated seven years, I have a nine-year-old son. As my attorney probably already stated, I do suffer from mental health issues. I was trying to

2.

get in contact with mental health so I can get my diagnosis printed off. I been talking to my son and he gave me some really good advice."

{¶ 9} Appellant was sentenced to eleven months, and after making appropriate and necessary findings including Brown's criminal history, the sentence was ordered to be served consecutive to his existing sentence. Appellant finds no error in the imposition of the length of the sentence or the imposition of the sentence consecutive to his existing sentence of which he had already served five years.

**Analysis**

{¶ 10} Appellant argues that his counsel was ineffective in failing to pursue more information concerning his mental health issues to present to the court in mitigation prior to the imposition of his sentence. He argues that his counsel should have moved the trial court for a continuance to gather more information.

{¶ 11} To establish his claim for ineffective assistance of counsel, Brown must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 200, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus.

3.

{¶ 12} A reviewing court must determine whether trial counsel's assistance fell below an objective standard of reasonable advocacy. *Bradley* at 141-142. Moreover, the deficient performance must have been so serious that, "were it not for counsel's errors, the result of the trial would have been different." *Id.* at 141-142.

{¶ 13} Trial strategy "must be accorded deference and cannot be examined through the distorting effect of hindsight." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 115. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland* at 691.

{¶ 14} Brown does not argue that the failure to move for a continuance to obtain more mental health information was prejudicial. He merely asserts that such information would have been relevant to sentencing.

{¶ 15} In sentencing Brown, the Court indicated it had considered his criminal history and stated:

{¶ 16} "Mr. Brown, I have listened to what you have had to say and you've given excuses for your conduct. However, you show no remorse."

{¶ 17} Appellant committed these offenses against these corrections officers while he was serving a sentence of incarceration with the Ohio Department of Rehabilitation and Corrections.

4.

**{¶ 18}** In the instant case, there is nothing in the record to suggest that a continuance of the sentencing would have assisted the appellant's defense. Likewise, there is nothing in the record to suggest that the failure to move for a continuance constituted the violation of a substantial duty to appellant or otherwise prejudiced appellant's defense.

**{¶ 19}** There was accordingly no reason to move for a continuance, but even if counsel's failure to move for a continuance was deficient, Brown suffered no prejudice, since his mental health issues were brought to the attention of the trial court for its consideration in sentencing.

**{¶ 20}** Having thoroughly reviewed the record, we cannot say that Brown's counsel's representation fell below an objective standard of reasonableness.

**{¶ 21}** We find appellant's sole assignment of error to be without merit and denied.

## Conclusion

**{¶ 22}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24(A)(4).

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.          _____
                                              JUDGE
Gene A. Zmuda, J.

                                             _____
Myron C. Duhart, P.J.                          JUDGE
CONCUR.

                                             _____
                                              JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.